82,936-01

WILFRED C. GATOR
TDC No. 610297
McConnel Unit
3001 S. Emily Dr.
Beeville, Texas 78102

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 11 2015

Abel Acosta, Clerk

March 06, 2015

Ms. Christine Womble
Assistant District Attorney
Frank Crowley Courts Building
133 N. Roverfront Blvd., LB-19
Dallas, Texas 75207-4399

Re: Writ No. W90-28810-V(A)

Dear Ms. Womble:

Please find enclosed Applicant Reply to State's
Response to Application for the Writ of Habeas Corpus.

By copy of this letter, I am forward a copy of the
same to the Court ofCriminal Appeals at the addressed below.

Thank you for your time and consideration in this matter.

Sincerely,

WILFRED C. GATOR

files
cc: Mr. Abel Acosta, Clerk
    Court of Criminal Appeals
    P. O. Box 12308, Capitol Station
    Austin, Texas 78711

enclosures

| | | |
|---|---|---|
| EXPARTE | § | IN THE 292th JUDICIAL |
| WILFRED CLARENCE GATOR | § | DISTRICT COURT |
| | § | DALLAS COUNTY, TEXAS |

## GATOR'S REPLY TO STATE'S RESPONSE TO APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **WILFRED CLARENCE GATOR,** TDC No. 610297, Applicant in the above number and cause and file this his Reply to State's Response to Application for Writ of Habeas Corpus, and for good cause, Applicant states the following:

### I.

### HISTORY OF THE CASE

Applicant was charged with murder. The jury found him guilty, sentenced him to confinement for life in the Texas Department of Criminal Justice - Institutional Division, and assessed a $10,000 fine. Applicant's conviction was affirmed on appeal.

### II.

### ISSUE RAISED IN APPLICATION

In the instant writ, the applicant contend the Texas Board of Pardon and Parole statutory criteria Board it making its decision

-1-

## III.

### APPLICANT'S REPLY

Applicant contend thatt the Board of Pardon and Parole criteria for the release of an offender onto Parole are vague and unconstitutional.

The statute calls on the Board members to evaluate the offenders' potential for rehabilitation and whether his release would endager the "Public". See, V.T.C.A. Gov't Code § 508.149(b).

The State in their response has misconstrued Applicant's Writ. See, State's Response at page 3; The decision makers has repeatedly set applicant off for parole for: "...The record indicated that the inmate committed on one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; or the intent offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate pose a continuing threat to Public safety; or the record indicated use of a weapon ....."

Applicant's conviction was committed over (20) years ago. The decision makering should have consider his present record and files which would have revealed his rehabilitation presentation. See, exhibits attached to the original writ.

-2-

Applicant know, there are no mandatory rules or guide-lines that must be followed in every case because each offender is unique. The Board and Parole commissioners have the stat-utory duty to make release decision which are only in the best interest of society. Parole Panels use parole guide-lines as a tool to aid in the discretionary Parole decision process. But here, in "Texas", "Administrative Code, Rule § 145.3, Policy statements relating to Parole release decision by the Board of Pardon and Parole clearly states an offender will be "consider" for Parole when eligible and when the offender "met" the following criteria with regard to "behavior" during incarceration;

a. other than on initial Parole eligibility, the Applicant must not have had a major disciplinary misconduct report in the six-month period prior to the date he is reviewed for parole; which has resulted in loss of good conduct time or reduction to a classification status below that assigned during that person's initial intry into TDCJ, and;

b. at the time he is reviewed for parole the person must be classified in the same or higher time earning classification assigned during that person's initial entry into TDCJ.

Applicant has not had a major disciplinary case for years not along "six-months". The Parole release decision, however, is more subtle and depends on an amalgam of element, some of which are purely subjective appraisls by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of paroles

-3-

release. Unklile revocation decision, there is no set of facts which, if shown, mandate a decision favorable to the individual the parole determination, like a prisoner - tranfer decision, may be made "for a variety of reaSOBN and often involve[s] no more than informed prediction as to what would best serve [correctional purposes] or the safety and welfare of the inmate. See, Meachum v. Fano, 427 U.S. at 225, 96 S. Ct. at 2538. The decision turns on a "discretionary assessment of a multiplicity of imponderables, entailing primarily "what a man "is" and "what he may become" rather than simply "what he has done." Kadish, the advocate and the expert - counsel in the Peno - Correctional Process, 45 Minn. L. Rev. 803, 813 (1961). See, Original Writ.

"Texas statutory Lanugage" itself creates a protectible expectation of Parole. The Board members reply on the section which provides in part. "Whenever the Board of Parole consider the release of a committed offender who is eligible for release on parole, it shall order his release unless it is of the opinion that his release should be deferred because:

"(a) there is a substantial risk that he will not conform to the condition of parole;

"(b) His release would depreciate the seriousness of his crime or promote       disrespect for law;

"(c) his release would have a substantially adverse effect on institutional disciplinary; or

"(d) his contiuned correctional treatment, medical case or vocational or other training in the facility will substantially enhance his capacity to lead a law-abiding life when release at a later date. Texas Administrative Code § 145.12.

-4-

The State emphasize that the structure of the provision together with the use of the word "shall" binds the Board of Parole to release an inmate unless any one of the four specifically designated reasons are found. In their review or view, the statute create a presumption that parole release will be granted, and that this in turn creats a legitimate expectation of release absent the requisite finding that one of the justifications for deferral exists.

Applicant's sole ground for relief should be granted.

## IV.

## CONCLUSION

The Applicant respectfully request that this Court recommended that Applicant's appliction be granted.

Respectfuly Submitted,

WILFRED C. GATOR
TDC No. 610297
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Reply was served on Assistant District Attorney, by deposing same in the United States mail, postage prepaid, on _March_ _8,_ , 2015.

WILFORED C. GATOR

-5-